IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY WHITFIELD and ROCHELLE RIBEIRO WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDGUARD ALERT, INC.,<br><br>Defendant. | Case No. 3:26-cv-00324-KAD |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. Proc. R. 12(b)(6) and R. 12(b)(1), the Defendant, MEDGUARD ALERT, INC., respectfully moves this Court to dismiss the Complaint ("Complaint") (ECF No. 1) from Plaintiffs Anthony Whitfield and Rochelle Ribeiro White ("Plaintiffs"). Plaintiffs seek statutory damages and injunctive relief for themselves and a putative nationwide class based on telemarketing phone calls they allegedly received from, or at the direction of, Defendant in October 2025. Plaintiffs bring three causes of action, alleging that the calls: 1) violated 47 C.F.R. 64.1200(C)(2) and 47 U.S.C § 227 of the Telephone Consumer Protection Act ("TCPA") because the calls were made to Whitfield while his number was on the National Do Not Call Registry; 2) violated 47 C.F.R. § 64.1601(e) because caller identification information was not properly transmitted; and 3) violated 47 U.S.C. § 227(b) because the messages were pre-recorded.

As set forth in detail below, Plaintiffs' Complaint must be dismissed in its entirety and with prejudice because:

1

1) As to the first cause of action, which according to the Complaint only pertains to Whitfield, Whitfield cannot establish that he received *more than* one call from Defendant *after* his number had been on the National Do-Not-Call Registry for at least 31 days.

2) As to the second cause of action, there is no private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 64.1601(e).

3) As to the third cause of action, which according to the Complaint only pertains to Plaintiff White, the Complaint contains no supporting facts that would enable the Court to plausibly infer that the calls were pre-recorded calls.  Rather, the Complaint's allegation that the calls were pre-recorded is entirely conclusory.

4) Plaintiffs lack standing to pursue injunctive relief.  There is no indication in the Complaint that Defendant called Plaintiffs again between October 2025 and the filing of the Complaint on March 4, 2026.  Under those circumstances, Plaintiffs cannot demonstrate a substantial risk that they will ever receive another allegedly violative call from Defendant.

A legal memorandum in support of this Motion to Dismiss is attached hereto.

For the reasons stated herein, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice pursuant to FRCP Rules 12(b)(1) and 12(b)(6).

Dated: May 6, 2026

2

The Defendant,

_/s/ Keith R. Rudzik____
Keith R. Rudzik, Esq.
**Howard, Kohn, Sprague &
FitzGerald, LLP**
237 Buckingham Street
Hartford, CT 06106
Tel: 860-525-3101
Fax: 860-247-4201
krr@hksflaw.com
Fed. Bar. ct24007

_/s/ Joseph Lipari_____
Joseph Lipari (pro hac anticipated)
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com

*Attorneys for Defendant*

3

**CERTIFICATION OF SERVICE**

I hereby certify that on May 6, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the /court's CM/ECF System.

\_\_/s/ Keith R. Rudzik\_\_
Keith R. Rudzik, Esq.
**Howard, Kohn, Sprague &**
**FitzGerald, LLP**
237 Buckingham Street
Hartford, CT 06106
Tel: 860-525-3101
Fax: 860-247-4201
Fed. Bar. ct24007
