IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY WHITFIELD and ROCHELLE RIBEIRO WHITE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>MEDGUARD ALERT, INC.,<br><br>                Defendant. | Case No. 3:26-cv-00324-KAD |

## <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>

## **TABLE OF CONTENTS**

Table of Contents…………………………………………………………………………………..i

Table of Authorities…………………………………………………………………………..ii-v

PRELIMINARY STATEMENT………………………………………………………………...1

LEGAL STANDARDS…………………………………………………………………………2

ARGUMENT……………………………………………………………………………...3

    A.  PLAINTIFF WHITFIELD CANNOT ESTABLISH THAT HE RECEIVED MORE THAN ONE TELEPHONE SOLICITATION FROM DEFENDANT *AFTER* HIS NUMBER WAS PLACED ON THE NATIONAL DO-NOT-CALL REGISTRY FOR AT LEAST 31 DAYS…………………………………………………………..3

    B.  THERE IS NO PRIVATE RIGHT OF ACTION UNDER 47 U.S.C. § 227(C)(5) FOR ALLEGED VIOLATIONS OF 47 C.F.R. § 64.1601(E)……………………………..5

    C.  THE COMPLAINT CONTAINS NO SUPPORTING FACTS THAT WOULD ENABLE THE COURT TO PLAUSIBLY INFER THAT THE CALLS WERE PRE-RECORDED CALLS…………………………………………………………..7

    D.  PLAINTIFFS LACK ARTICLE III STANDING TO REQUEST INJUNCTIVE RELIEF………………………………………………………………………………..11

CONCLUSION…………………………………………………………………………………..13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaronson v. CHW Grp., Inc.*,
   *2019 U.S. Dist. LEXIS 231433* ...................................................................................10

*Adams v. Ocwen Loan Servicing, LLC*,
   366 F. Supp. 3d 1350 (S.D. Fla. 2018) .........................................................................7

*Aikens v. Synchrony Fin.*,
   2015 U.S. Dist. LEXIS 115467 (E.D. Mich. July 31, 2015) .......................................9

*Allison v. Wells Fargo Bank, N.A.*,
   2022 U.S. Dist. LEXIS 190480 (S.D. Cal. Oct. 18, 2022) ..........................................8

*Andersen v. Nexa Mortgage, LLC*,
   2024 U.S. Dist. LEXIS 143293 (C.D. Cal. Aug. 12, 2024).........................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................2, 3

*Barton v. Delfgauw*,
   2025 LX 373885 (W.D. Wash. Aug. 18, 2025)............................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................2

*Blair v. Assurance IQ LLC*,
   2023 U.S. Dist. LEXIS 183095 (W.D. Wash. Oct. 11, 2023) ..........................8, 9, 12

*C-Tech of New Haven, Inc. v. Univ. of Conn. Health Ctr.*,
   2016 U.S. Dist. LEXIS 84098 (D. Conn Jun 29, 2016)...............................................2

*Caruso v. Cavalry Portfolio Svcs., et al.*,
   2019 U.S. Dist. LEXIS 169377 (S.D. Cal. Sept. 30, 2019)........................................10

*City of Los Angeles v. Lyons*,
   461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)..............................................11

*Curry v. Synchrony Bank, N.A.*,
   2015 U.S. Dist. LEXIS 153131 (S.D. Miss. Nov. 12, 2015).......................................9

*Dane v. UnitedHealthcare Ins. Co.*,
   974 F.3d 183 (2d Cir. 2020).........................................................................................2

*Daniels v. Comunity Lending, Inc.*,
   2015 U.S. Dist. LEXIS 16196 (S.D. Cal. Feb. 9, 2015) ..........................................................10

*Davis v. Rockloans Marketplace, LLC*,
   2024 U.S. Dist. LEXIS 215499 (S.D. Cal. Nov. 26, 2024) .......................................................8

*Dobronski v. Tobias & Assocs., Inc.*,
   No. 23-10331, 2024 U.S. Dist. LEXIS 47309 (E.D. Mich. Mar. 18, 2024) .............................7

*Doyle v. Matrix Warranty Sols., Inc.*,
   679 F. Supp. 3d 42 (D.N.J. June 26, 2023)...............................................................................12

*Gillam v. Reliance First Capital, LLC*,
   2023 U.S. Dist. LEXIS 29477 (E.D.N.Y. Feb. 22, 2023)...........................................................4

*Greene v. Select Funding LLC*,
   No. 2:20-cv-07333-RGK-KS, 2021 LX 64174 (C.D. Cal. Feb. 5, 2021)...................................4

*Griffin v. Am.-Amicable Life Ins. Co. of Tex.*,
   No. 6:24-cv-00243-MC, 2024 U.S. Dist. LEXIS 175344 (D. Or. Sep. 27,
   2024) ...........................................................................................................................................6

*Johansen v. Vivant, Inc.*,
   2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012) ......................................................8, 9

*Jones v. Royal Admin. Services, Inc.*,
   887 F.3d 443 (9th Cir. 2018) .....................................................................................................4

*Lee v. Yale Univ.*,
   624 F. Supp. 3d 120 (D. Conn. Aug. 30, 2022)..........................................................................2

*Manopla v. Sansone Jr.'s 66*
2020 U.S. Dist. LEXIS 74792, at *4 (D.N.J. Jan. 10,
   2020)………………………………………………………………….9

*Martin v. Bottom Line Concepts, LLC*,
   723 F. Supp. 3d 270 (S.D.N.Y. Mar. 14, 2024)........................................................................12

*Metzler v. Pure Energy USA LLC*,
   2023 U.S. Dist. LEXIS 19600 (S.D.N.Y. Feb. 6, 2023)............................................................10

*Meyer v. Capital All. Grp.*,
   2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017) ..........................................................6

*Moffet v. Everglades Coll., Inc.*,
   2024 U.S. Dist. LEXIS 38370 (M.D. Fla. Mar. 4, 2024)..........................................................11

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016).............................................................................................11

*Patane v. Nestlé Waters N. Am., Inc.*,
    761 F. Supp. 3d 424 (D. Conn. 2024)...............................................................................12

*Rahimian v. Adriano*,
    No. C22-2189, 2022 U.S. Dist. LEXIS 46437, 2022 WL 798371 (D. Nev.
    Mar. 16, 2022).....................................................................................................................8

*Raines v. Byrd*,
    521 U.S. 811, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997)..................................................3

*Reo v. Caribbean Cruise Line, Inc.*,
    2016 U.S. Dist. LEXIS 35596 (N.D. Ohio Mar. 18, 2016) ...............................................10

*Rogers v. Assurance IQ LLC*,
    2023 U.S. Dist. LEXIS 51955 (W.D. Wash. Mar. 27, 2023) .........................................8, 10

*Saragusa v. Countrywide*,
    2016 U.S. Dist. LEXIS 34544 (E.D. La. Mar. 17, 2016), aff'd 707 F.App'x
    797 (5th Cir. 2017)............................................................................................................10

*Simon v. E. Ky. Welfare Rts. Org.*,
    426 U.S. 26, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976).......................................................3

*Smith v. American-Amicable Life Ins. Co.*,
    2022 U.S. Dist. LEXIS 62115 (E.D. Pa. Apr. 4, 2022) ......................................................9

S*mith v. Pro Custom Solar LLC*,
    2021 U.S. Dist. LEXIS 8616 (D.N.J. Jan. 15, 2021) .......................................................8, 9

*Sowders v. Scratch Fin., Inc.*,
    2023 U.S. Dist. LEXIS 203646 (S.D. Oh. Nov. 14, 2023)................................................12

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ........................................................................3

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v.*
    *Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2dCir. 2013)...............................................................................................2

*Sterling v. Securus Techs., Inc.*,
    2019 U.S. Dist. LEXIS 124627 (D. Conn. Jul. 25, 2019)..................................................9

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014)..........................................................................................................12

iv

*Trumper v. GE Capital Retail Bank*,
   79 F. Supp. 3d 511 (D.N.J. 2014) ........................................................................10

*Whittaker v. Freeway Ins. Services Am., LLC*,
   2023 U.S. Dist. LEXIS 6018 (D. Ariz. Jan. 12, 2023) ...........................................8

*Winters v. Quicken Loans Inc.*,
   2020 U.S. Dist. LEXIS 162718 (D. Ariz. Sept. 4, 2020).......................................10

*Worsham v. Travel Options, Inc.*,
   2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016) aff'd, 678 F. App'x
   165 (4th Cir. 2017)................................................................................................6

**Statutes**

47 U.S.C ................................................................................................1, 4, 5, 6, 7

FRCP 12(b)(1) ...........................................................................................1, 11, 13

Rule 12(b)(6)....................................................................................................2, 11

TCPA ........................................................................................................ *passim*

Defendant MedGuard Alert, Inc. ("MedGuard" or "Defendant"), through undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the Complaint ("Complaint") (ECF Doc. 1) that was filed by Plaintiffs Anthony Whitfield ("Whitfield") and Rochelle Ribeiro White ("White") (collectively "Plaintiffs").  This motion is brought under FRCP Rules 12(b)(6) and 12(b)(1).

**PRELIMINARY STATEMENT**

Plaintiffs seek statutory damages and injunctive relief for themselves and a putative nationwide class based on telemarketing phone calls they allegedly received from or at the direction of Defendant in October 2025.  Plaintiffs bring three causes of action, alleging that the calls: 1) violated 47 C.F.R. 64.1200(C)(2) and 47 U.S.C § 227 of the Telephone Consumer Protection Act ("TCPA") because the calls were made to Whitfield while his number was on the National Do Not Call Registry; 2) violated 47 C.F.R. § 64.1601(e) because caller identification information was not properly transmitted; and 3) violated 47 U.S.C. § 227(b) because the messages were pre-recorded.

As set forth in detail below, Plaintiffs' Complaint must be dismissed in its entirety and with prejudice because:

1)  As to the first cause of action, which according to the Complaint only pertains to Whitfield, Whitfield cannot establish that he received *more than* one call from Defendant *after* his number had been on the National Do-Not-Call Registry for at least 31 days.

2)  As to the second cause of action, there is no private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 64.1601(e).

3)  As to the third cause of action, which according to the Complaint only pertains to Plaintiff White, the Complaint contains no supporting facts that would enable the Court

1

to plausibly infer that the calls were pre-recorded calls. Rather, the Complaint's allegation that the calls were pre-recorded is entirely conclusory.

4) Plaintiffs lack standing to pursue injunctive relief. There is no indication in the Complaint that Defendant called Plaintiffs again between October 2025 and the filing of the Complaint on March 4, 2026. Under those circumstances, Plaintiffs cannot demonstrate a substantial risk that they will ever receive another allegedly violative call from Defendant.

## **LEGAL STANDARDS**

Rule 12(b)(6) provides for dismissal where plaintiffs fail to state a claim upon which relief can be granted. A legal claim requires pleading sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Bare assertion[s]" or "conclusory allegations" will not suffice. *Id*. Nor will a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). *See also id*. at 678 (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). *See also Lee v. Yale Univ.,* 624 F. Supp. 3d 120, 143 (D. Conn. Aug. 30, 2022) ("In considering a motion to dismiss, the Court is 'not required to credit conclusory allegations or legal conclusions couched as factual allegations.'" (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 724 (2dCir. 2013) (affirming dismissal where plaintiff did "not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679).

Instead, Plaintiffs must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting their allegations. *Twombly*, 550 U.S. at 556. See also *C-Tech of New Haven, Inc. v. Univ. of Conn. Health Ctr.*, 2016 U.S. Dist. LEXIS 84098, *5 (D. Conn Jun 29, 2016) ("To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Iqbal*, 556 U.S. at 678).

Dismissal under 12(b)(1) is appropriate if Plaintiffs cannot demonstrate standing. Article III, § 2, of the Constitution limits the federal courts' jurisdiction "to actual cases or controversies." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976). The case-or-controversy provision includes among its requirements that putative plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). To establish the necessary causal connection between the injury and the conduct complained of, the injury "fairly can be traced to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Simon*, 426 U.S. at 41-42.

Here, the court should dismiss Plaintiffs' Complaint under 12(b)(6) and 12(b)(1).

## ARGUMENT

### A. PLAINTIFF WHITFIELD CANNOT ESTABLISH THAT HE RECEIVED MORE THAN ONE TELEPHONE SOLICITION FROM DEFENDANT *AFTER* HIS NUMBER WAS PLACED ON THE NATIONAL DO-NOT-CALL REGISTRY FOR AT LEAST 31 DAYS

In the Complaint, Whitfield (the only Plaintiff asserting a DNC violation claim) alleges that he placed his number on the National Do Not Call Registry on September 17, 2025 (ECF Doc. 1, para. 32). He alleges that he received a violative call, which he rejected (i.e. he did not answer) on October 8, 2025, but there are no plausible allegations that this call was initiated by or on behalf of MedGuard Alert, Inc. and so this call has not and cannot plausibly be attributed to MedGuard.

3

(ECF Doc. 1, para 34).  Thereafter, on October 27, 2025, Whitfield is alleged to have received a violative, automated telemarketing call that purportedly traces back to Defendant by way of a callback number.  (ECF Doc. 1, para 36).

Whitfield, as the sole Plaintiff bringing the first cause of action, claims that Defendant violated the TCPA by calling him despite his number being registered on the National Do-Not-Call Registry.  But Whitfield's claim fails.  Not only did Whitfield fail to answer the October 8, 2025 call, which occurred less than 31 days after his number was registered on the National Do Not Call List, and thus occurred during the statutory grace period,[1] but Whitfield does not even allege -- let alone allege plausibly -- that the October 8th call was from the Defendant.  Thus, there is only one call that can be considered for purposes of this cause of action (i.e. the October 27th call).

The TCPA gives consumers "who ha[ve] received *more than one telephone call* within any 12-month period by or on behalf of the same entity in violation of the[se] regulations" a private right of action.  *Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443, 448 (9th Cir. 2018) (citing 47 U.S.C. § 227(c)(5)) (emphasis added).  The law prohibits an entity from making more than one telephone solicitation to the same person within a twelve-month period, and so "more than one telephone solicitation is needed to trigger a violation."  *Greene v. Select Funding LLC*, No. 2:20-cv-07333-RGK-KS, 2021 LX 64174, at *12 (C.D. Cal. Feb. 5, 2021) (dismissing Plaintiff's DNC claim because Plaintiff failed to plausibly allege that he received more than one call that was a telephone solicitation). Indeed, in *Gillam v. Reliance First Capital, LLC*, 2023 U.S. Dist. LEXIS 29477, at *6-7 (E.D.N.Y. Feb. 22, 2023) the court dismissed plaintiff's DNC claim and held:

---

[1] The TCPA and § 64.1200 prohibit "telephone solicitation to residential numbers on the DNCR, and allow[] a grace period if the called number was on the registry less than 31 days." *Barton v. Delfgauw*, 2025 LX 373885, at *7 (W.D. Wash. Aug. 18, 2025) citing § 64.1200(c)(2)(i)(D).

4

"…while Plaintiff alleges receiving multiple calls, he only alleges answering one call and having one conversation [ ]. Even if the Court were to assume arguendo that Plaintiff had sufficiently pled receipt of a telephone solicitation [ ], his failure to plausibly plead receipt of at least one additional telephone solicitation from [Defendant] within the requisite 12-month period is fatal to his Section 227(c)(5) cause of action."

Here, there is an even stronger basis for dismissing the first cause of action than in the above-cited cases.  This is because not only did Whitfield admittedly not answer the October 8, 2025 call, but the call is not even alleged to have come from Defendant.  Indeed, the October 8th call and the October 27th call originated from different telephone numbers.  (ECF Doc. 1, paras 34 & 36). Moreover, the October 8th call was received less than 31 days after Whitfield placed his number on the Do-Not-Call Registry.   Accordingly, Whitfield did not receive more than one telephone solicitation and this cause of action must be dismissed with prejudice.[2]

## B.  THERE IS NO PRIVATE RIGHT OF ACTION UNDER 47 U.S.C. § 227(C)(5) FOR ALLEGED VIOLATIONS OF 47 C.F.R. § 64.1601(E)

The second cause of action alleges a private right of action under 47 U.S.C. § 227(c)(5) for violations of the caller ID requirements codified in the TCPA's implementing regulations, 47 C.F.R. § 64.1601(e).  In essence, Plaintiffs allege that the Defendant did not transmit caller identification information during the calls.  Even if we accept Plaintiffs' conclusory facts in this regard (which the Court should not as they fail to satisfy the *Iqbal/Twombley* plausibility standard), Plaintiffs nevertheless are barred from asserting this claim because there is no private right of action.  While it does not appear that the 2nd Circuit has explicitly ruled on this issue, as set forth

---

[2] While co-Plaintiff White explicitly does not join in this first cause of action, Defendant notes that White cannot join in this cause of action because according to the Complaint her number was not on the Do Not Call Registry until December 9, 2025, which is two months *after* she allegedly received two calls in October – only one of which she answered and only one of which she alleges has some connection to Defendant.

below, various courts have analyzed the issue and have ruled that there is no private right of action under 47 C.F.R. § 64.1601(e).

Worsham v. Travel Options, Inc., 2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016) aff'd, 678 F. App'x 165 (4th Cir. 2017) and Meyer v. Capital All. Grp., 2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017) are instructive.  In Worsham, the court examined 47 C.F.R. § 64.1601(e) and found it was not clearly promulgated under either subsection (b) or (c) of the TCPA because the caller ID function "does not fit neatly into the focus of either subsection, neither of which requires the use of such technology to accomplish their respective purposes." Id. at *11. Thus, a violation § 64.1601(e) did not fall within the private right of action granted by subsection (b) or (c).  Indeed, the court recognized that when the FCC promulgated the regulation, it said that "[c]aller ID requirements will improve the ability of consumers to identify and enforce do-not-call rights against telemarketers," which appeared to "support consumers' enforcement efforts under the TCPA's subsection (c), rather than to create a separate mechanism upon which a consumer can make an actionable claim." Id. at *12, emphasis in original. The court determined the regulation was a violation of technical and procedural standards under subsection (d), so no private right of action exists and thus the count failed to state a claim for relief. Similarly, in Meyer, the court dismissed the plaintiff's claim for violation of 47 C.F.R. § 64.1601(e) with prejudice because it did not create a private right of action. Meyer, 2017 U.S. Dist. LEXIS 183690, at * 47.

Many other courts have similarly found that Section 64.1601(e) was promulgated under subsection (d) of the TCPA and thus there is no private right of action.  See Griffin v. Am.-Amicable Life Ins. Co. of Tex., No. 6:24-cv-00243-MC, 2024 U.S. Dist. LEXIS 175344 * 15 (D. Or. Sep. 27, 2024) ("Seeing no reason to reject the thoughtful analysis of [Meyer and Worsham], this Court holds that Plaintiffs may not pursue a private right of action under 47 U.S.C. § 227(c)(5) for alleged

6

violations of 47 C.F.R. § 64.1601(e)"); *Dobronski v. Tobias & Assocs., Inc.,* No. 23-10331, 2024 U.S. Dist. LEXIS 47309 (E.D. Mich. Mar. 18, 2024) (dismissing claim under Section 64.1601(e) on grounds that it does not create a private right of action).  This Court should follow the reasoning of the courts cited above.

For these reasons, there is no private right of action and Plaintiff's second cause of action must be dismissed with prejudice.

### C. THE COMPLAINT CONTAINS NO SUPPORTING FACTS THAT WOULD ENABLE THE COURT TO PLAUSIBLY INFER THAT THE CALLS WERE PRE-RECORDED CALLS

In the Complaint, White (the only Plaintiff asserting a pre-recorded call or "robocall" violation claim) alleges that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) "and/or" (b)(1)(B) because the messages were pre-recorded.  To wit, the Complaint alleges only that: a) "On October 11, 2025, Ms. Ribeiro White received an automated telemarketing call from caller ID (401) 325-5279, which she rejected;" and b) "On October 14, 2025, Ms. Ribeiro White received another automated telemarketing call from caller ID (401) 325-7149, during which an artificial intelligence robot asked her a series of questions regarding purchasing a medical alert device…Ms. Ribeiro White was eventually transferred to an individual, who was human, identifying himself as Alex Robinson who confirmed he was calling from the Defendant's company, and who attempted to sell her a medical alert device."  ECF Doc. 1, paras. 24-27.  These allegations are insufficient to maintain a claim because there are no plausible facts whatsoever that would enable the Court to reasonably determine that the calls were pre-recorded.   Plaintiff's failure to provide any basis for a plausible inference that the allegedly prerecorded calls she received were, indeed, prerecorded, necessitates dismissal of Plaintiff's claim.

A plaintiff "may not merely recite the statutory elements [of the TCPA] of the use of . . . [a] prerecorded voice without alleging additional facts to support." *Adams v. Ocwen Loan*

*Servicing, LLC*, 366 F. Supp. 3d 1350, 1355-56 (S.D. Fla. 2018).  Rather, to adequately allege a violation of the TCPA's prohibition on "prerecorded calls" Plaintiff "must include some factual allegations beyond 'the call had a prerecorded voice.'" S*mith v. Pro Custom Solar LLC*, 2021 U.S. Dist. LEXIS 8616, at *7 (D.N.J. Jan. 15, 2021). Plaintiff must "plead circumstances sufficient to support an inference that the calls were placed with an artificial or prerecorded voice." *Blair v. Assurance IQ LLC*, 2023 U.S. Dist. LEXIS 183095, at * 8 (W.D. Wash. Oct. 11, 2023) (citing *Rogers v. Assurance IQ LLC*, 2023 U.S. Dist. LEXIS 51955, at * 10 (W.D. Wash. Mar. 27, 2023)).[3] Such allegations are *required at the pleading stage* and Plaintiff cannot save an otherwise impermissibly conclusory complaint by arguing that details regarding the pre-recorded nature of the calls will be revealed in discovery.  *See Rogers*, 2023 U.S. Dist. LEXIS 51955, *9-11 ("Even at this pre-discovery stage, Plaintiffs should be able to allege facts establishing that the calls were in-fact pre-recorded . . . This information is known to Plaintiffs without any discovery."); *Johansen v. Vivant, Inc*., 2012 U.S. Dist. LEXIS 178558 * 9 (N.D. Ill. Dec. 18, 2012) (holding that plaintiff "may not rely on the discovery process to cure such deficiencies [regarding the pre-recorded nature of the call] in his complaint."); *Davis v. Rockloans Marketplace, LLC,* 2024 U.S. Dist. LEXIS 215499, *2-4 (S.D. Cal. Nov. 26, 2024).

Courts have consistently held that a TCPA plaintiff should be able to allege facts about the "tenor, nature, or circumstances of the alleged calls or otherwise demonstrate that a live human

---

[3] *See also Rahimian v. Adriano*, No. C22-2189, 2022 U.S. Dist. LEXIS 46437, 2022 WL 798371, at *2 (D. Nev. Mar. 16, 2022) (explaining that most courts have required specific facts to support the conclusion that defendants used a pre-recorded voice.");  *Andersen v. Nexa Mortgage, LLC*, , 2024 U.S. Dist. LEXIS 143293, at *10 (C.D. Cal. Aug. 12, 2024) (stating "plaintiff must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used."); *Whittaker v. Freeway Ins. Services Am., LLC*, 2023 U.S. Dist. LEXIS 6018, at *7 (D. Ariz. Jan. 12, 2023)  (stating when fact is element of claim, "'it is not  sufficient to recite that fact verbatim without other supporting details.'") (quoting *Johansen v. Vivant, Inc*., 2012 U.S. Dist. LEXIS 178558, at * 9 (N.D. Ill. Dec. 18, 2012)); *Allison v. Wells Fargo Bank, N.A*., 2022 U.S. Dist. LEXIS 190480, at *8 (S.D. Cal. Oct. 18, 2022) (stating conclusory allegations concerning prerecorded or artificial voice do not set forth plausible claim).

was not speaking during the calls." *Blair*, 2023 U.S. Dist. LEXIS 183095, at *8. Courts have suggested that a plaintiff could satisfy this threshold by "describ[ing] the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded . . ." *Johansen*, 2012 U.S. Dist. LEXIS 178558, *9. *See also Smith v. American-Amicable Life Ins. Co.,* 2022 U.S. Dist. LEXIS 62115, *5-7 (E.D. Pa. Apr. 4, 2022) ("Allegations that may support an inference that a call was prerecorded may include 1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called.").

Courts, including those in this district, routinely dismiss TCPA claims that, like Plaintiff's, baldly allege the use of an artificial or prerecorded voice without the necessary factual support. *See, e.g., Sterling v. Securus Techs., Inc.,* 2019 U.S. Dist. LEXIS 124627, *18 (D. Conn. Jul. 25, 2019) (dismissing TCPA claims where "Plaintiffs have not provided any factual detail to support an inference that an automatic telephone dialing system, artificial or prerecorded voice was used."); *Smith,* 2021 U.S. Dist. LEXIS 8616, at *7 ("Absent some minimal description of the voice or message, [plaintiff] has put forward no more than a conclusion—not any factual allegations that allow me to infer a right to relief. For that reason, his FAC fails to state a claim for TCPA liability based on a prerecorded voice."); *Curry v. Synchrony Bank, N.A*., 2015 U.S. Dist. LEXIS 153131, at *5 (S.D. Miss. Nov. 12, 2015) (dismissing where the plaintiff had "not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone") (quoting *Aikens v. Synchrony Fin*., 2015 U.S. Dist. LEXIS 115467, at *12 (E.D. Mich. July 31, 2015)); *Manopla v. Sansone Jr.'s 66 Automall*, 2020 U.S. Dist. LEXIS 74792,

9

at *4 (D.N.J. Jan. 10, 2020) (dismissing complaint that was "devoid of facts from which the Court could reasonably infer that a pre-recorded message was utilized" where, as here, the plaintiff failed to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message and conclusory allege[d] that Defendant utilized a pre-recorded message"); *Daniels v. Comunity Lending, Inc.*, 2015 U.S. Dist. LEXIS 16196, at *20 (S.D. Cal. Feb. 9, 2015) (dismissing complaint alleging "that calls to Plaintiffs['] cellular telephones included prerecorded voice calls . . . . [without any] facts to make this allegation plausible").[4]

Here, the Complaint offers no facts about the "tenor, nature, or circumstances of the alleged calls" that would lead to the conclusion that the caller was anything other than a human salesperson. *Rogers,* 2023 U.S. Dist. LEXIS 51955, at *10.  Nowhere does Plaintiff allege, for instance, a delay before the call or beep after the call that would indicate the call was pre-recorded, or anything about the tone or content of the call, or any other circumstances from which one could plausibly conclude that the caller was an "artificial intelligence robot," as opposed to a human being.  The recently decided *Metzler v. Pure Energy USA LLC*, 2023 U.S. Dist. LEXIS 19600 (S.D.N.Y. Feb. 6, 2023) is instructive.  In *Metzler*, the plaintiff alleged that he received a voicemail and that "he was easily able to determine that it was a prerecorded message" when he listened to it. *Id.* at *2.  The court, however, determined that this allegation was insufficient and that plaintiff had "not alleged any additional facts from which the Court can infer that the message was prerecorded rather than, say, the product of a live person reading from a script."  *Id.* at * 14.

---

[4] *See also Winters v. Quicken Loans Inc*., 2020 U.S. Dist. LEXIS 162718, at *10 (D. Ariz. Sept. 4, 2020); *Caruso v. Cavalry Portfolio Svcs., et al*., 2019 U.S. Dist. LEXIS 169377, at *11 (S.D. Cal. Sept. 30, 2019); *Aaronson v. CHW Grp., Inc., 2019 U.S. Dist. LEXIS 231433, *7*; (E.D. Va. Apr. 15, 2019); *Saragusa v. Countrywide*, 2016 U.S. Dist. LEXIS 34544, at *11 (E.D. La. Mar. 17, 2016), aff'd 707 F.App'x 797 (5th Cir. 2017); *Reo v. Caribbean Cruise Line, Inc*., 2016 U.S. Dist. LEXIS 35596, at *11 (N.D. Ohio Mar. 18, 2016); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014).

Similarly, in *Moffet v. Everglades Coll., Inc*., 2024 U.S. Dist. LEXIS 38370 (M.D. Fla. Mar. 4, 2024) the Court held that allegation regarding "Plaintiff's difficulty in getting a live person on this call and the long pause before any person showed up on the line" were insufficient to support a plausible inference that the call was pre-recorded because "it does not necessarily describe the allegedly prerecorded voice but rather the lack of a voice at all." *Id*. at *7-9.  As in *Meltzer* and *Moffet*, Plaintiff offers no support for the allegation that the caller was not human, and based on the allegations in the Complaint, it is equally plausible that Plaintiff received calls from a real person.

In short, the Complaint offers nothing more than naked conclusions regarding the purported "prerecorded" or "artificial" nature of the calls at issue, which falls far short of satisfying federal pleading standards and warrants its dismissal under Rule 12(b)(6).[5]

## D. PLAINTIFFS LACK ARTICLE III STANDING TO REQUEST INJUNCTIVE RELIEF

Plaintiffs request injunctive relief requiring Defendant to cease calling activities. (ECF Doc. 1, Complaint p.13, ¶ G).  Plaintiffs, however, lack Article III standing to pursue this injunctive relief, and so this prayer for relief should be dismissed pursuant to FRCP 12(b)(1).  "Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat of injury.'" *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)).  Neither

---

[5] While co-Plaintiff Whitfield explicitly does not join in this third cause of action, Defendant notes that Whitfield cannot join in this cause of action because he alleges an "automated telemarketing call" but indicates only that he spoke with an individual named Mia, and he does not describe the call as pre-recorded or artificial.  (ECF. Doc. 1, para. 36).

allegations of possible future injury nor past exposure to illegal conduct are sufficient to clear this bar. *Patane v. Nestlé Waters N. Am., Inc.*, 761 F. Supp. 3d 424 * 56 (D. Conn. 2024)

Here, the Complaint merely alleges that Plaintiffs collectively received a total of four phone calls (two of which were not answered and are not tied to the Defendant through plausible allegations) in October 2025. Plaintiffs do not allege that they ever received another phone call from Defendant during the nearly four months between the calls and when the Complaint was filed. Nor do Plaintiffs allege that Plaintiffs are specifically aware of any other individuals who allegedly received violative phone calls from Defendant. The Complaint thus does not plead facts supporting the proposition that Plaintiffs will ever receive another allegedly violative call from Defendant and does not adequately plead that "the threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted). Accordingly, the Complaint does not adequately plead a claim for injunctive relief. *See e.g., Martin v. Bottom Line Concepts, LLC,* 723 F. Supp. 3d 270, 281 (S.D.N.Y. Mar. 14, 2024) (no standing to pursue injunctive relief where plaintiff only alleged receiving a single robocall more than a month prior to filing the complaint); *Blair v. Assurance IQ LLC*, 2023 U.S. Dist. LEXIS 183095 * 14 (W.D. Wash. Oct. 11, 2023) (no standing to seek injunctive relief where plaintiff "only received calls over a period of seven days" months before filing suit); *Doyle v. Matrix Warranty Sols., Inc*., 679 F. Supp. 3d 42, 44 (D.N.J. June 26, 2023) (no standing to seek injunctive relief where plaintiff only received one robocall); *Sowders v. Scratch Fin., Inc*., 2023 U.S. Dist. LEXIS 203646, *17-18 (S.D. Oh. Nov. 14, 2023) (receipt of a single unsolicited fax did not confer standing for injunctive relief under the TCPA).

Plaintiffs thus have no standing to seek injunctive relief.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice under FRCP Rules 12(b)(1) and 12(b)(6).

Dated: May 6, 2026

BY: /s/ Keith R. Rudzik__
Keith R. Rudzik, Esq.
Fed. Bar. #: ct24007
Howard, Kohn, Sprague &
FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut 06126-1798
Phone: (860) 525-3101
Fax: (860) 247-5201
E-mail:krr@hksflaw.com

_/s/ Joseph Lipari_____
Joseph Lipari (pro hac anticipated)
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 6, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the /court's CM/ECF System.

__/s/ Keith R. Rudzik__
Keith R. Rudzik, Esq.
**Howard, Kohn, Sprague &
FitzGerald, LLP**
237 Buckingham Street
Hartford, CT 06106
Tel: 860-525-3101
Fax: 860-247-4201
Fed. Bar. ct24007

13