IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY WHITFIELD and ROCHELLE RIBEIRO WHITE, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>MEDGUARD ALERT, INC.,<br><br>               Defendant. | Case No. 3:26-cv-00324-KAD<br><br><br><br>MAY 21, 2026 |

# **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant MedGuard Alert, Inc. ("MedGuard" or "Defendant"), through undersigned counsel, respectfully submits this reply memorandum of law in further support of its motion to dismiss with prejudice the Complaint ("Complaint") (ECF Doc. 1) that was filed by Plaintiffs Anthony Whitfield ("Whitfield") and Rochelle Ribeiro White ("White") (collectively "Plaintiffs"). This motion is brought under FRCP Rules 12(b)(6) and 12(b)(1).

## ARGUMENT

In its moving papers, Defendant demonstrated the following: a) as to the first cause of action, which according to the Complaint only pertains to Whitfield, Whitfield cannot establish that he received *more than one call* from Defendant, as required for his claim under the Telephone Consumer Protection Act ("TCPA"); b) as to the second cause of action, there is no private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 64.1601(e); c) as to the third cause of action, which according to the Complaint only pertains to Plaintiff White, the Complaint contains no supporting facts that would enable the Court to plausibly infer that the calls were pre-recorded calls; and d) Plaintiffs lack standing to pursue injunctive relief.

Plaintiffs' opposition brief does not refute Defendant's arguments. The motion should thus be granted in full.

### A. PLAINTIFF WHITFIELD CANNOT ESTABLISH THAT HE RECEIVED MORE THAN ONE TELEPHONE SOLICITION FROM DEFENDANT *AFTER* HIS NUMBER WAS PLACED ON THE NATIONAL DO-NOT-CALL REGISTRY FOR AT LEAST 31 DAYS

In its moving papers, Defendant cited numerous cases standing for the proposition that the law prohibits an entity from making more than one telephone solicitation to the same person within a twelve-month period, and so more than one telephone solicitation is needed to trigger a violation. See, e.g. *Gillam v. Reliance First Capital, LLC*, 2023 U.S. Dist. LEXIS 29477, at *6-7 (E.D.N.Y. Feb. 22, 2023).

1

In opposition, Plaintiff does not bother addressing the cases Defendant cited. Rather, Plaintiff argues -- in a conclusory manner -- that Defendant's characterization of the statute is incorrect, and then Plaintiff points to *Gibbs v. SolarCity Corp.*, 239 F. Supp. 3d 391 (D. Mass. 2017), a case which actually supports Defendant's position. Specifically, the court in *Gibbs* explained that "the TCPA creates a cause of action for [a] person who has received *more than one* telephone call within any 12-month period by...the same entity in violation of the regulations." *Id*. at 397 (internal citations omitted). Defendant agrees. Again, given that there are no plausible allegations that Whitfield answered -- let alone received -- more than one call from MedGuard, this claim must fail.

As is evident from a plain review of the Complaint, Whitfield (the only Plaintiff asserting a DNC violation claim) alleges that he placed his number on the National Do Not Call Registry on September 17, 2025 (ECF Doc. 1, para. 32). He alleges that he received a violative call, which he rejected (i.e. he did not answer) on October 8, 2025, but there are no plausible allegations that this call was initiated by or on behalf of MedGuard Alert, Inc. and so this call, even if Whitfield had answered, has not and cannot plausibly be attributed to MedGuard. (ECF Doc. 1, para 34). Thereafter, on October 27, 2025, Whitfield is alleged to have received a violative, automated telemarketing call that purportedly traces back to Defendant by way of a callback number. (ECF Doc. 1, para 36). The phone number associated with the call on October 8th (267-927-4875) is different from the phone number associated with the call on October 27th (267-927-8846).

Plaintiff, however, advances an unsupported "back of the napkin" probabilistic analysis, which goes well beyond the allegations in the Complaint. More specifically, without citation, Plaintiff makes reference to the allegedly six billion assigned 10-digit telephone numbers and argues that despite the phone numbers for the October 8th call and the October 27th call being

different, the phone numbers include similar number combinations and thus, by Plaintiff's logic, they must be from the same caller.  Plaintiff then opines, again without citation or reference to the Complaint allegations, that call spoofers typically pick similar numbers and "simply change [their] computer programming code[s]."  ECF. Doc. 13, pp. 19-20.  Aside from these arguments being speculative and unsupported, they go well beyond the allegations in the Complaint and should thus be disregarded.  See, e.g. *Fed. Ins. Co. v. Gander & White Shipping, Inc*., 2020 U.S. Dist. LEXIS 119751 *4 (S.D.N.Y. July 8, 2020) ("Courts generally cannot look beyond the four corners of a complaint in considering a motion to dismiss").  Accordingly, dismissal is appropriate.

### B. THERE IS NO PRIVATE RIGHT OF ACTION UNDER 47 U.S.C. § 227(C)(5) FOR ALLEGED VIOLATIONS OF 47 C.F.R. § 64.1601(E)

As set forth in Defendant's moving papers, while it does not appear that the 2nd Circuit has explicitly ruled on this issue, various courts have analyzed the issue and have ruled that there is no private right of action for violations of 47 C.F.R. § 64.1601(e).  See, e.g. *Worsham v. Travel Options, Inc.,* 2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016) aff'd, 678 F. App'x 165 (4th Cir. 2017) and *Meyer v. Capital All. Grp*., 2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017).

In opposition, Plaintiff merely points to other cases outside the 2nd Circuit that have rejected the reasoning set forth by *Worsham* and *Meyer* and their progeny (e.g. *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025) and *Dobronski v. Selectquote Ins. Servs*., 773 F. Supp. 3d 373, 375 (E.D. Mich. 2025)).  Plaintiff then broadly argues that the courts that have ruled against a private right of action "did not consider under which section of the TCPA the subject regulation…was promulgated, nor did they reach their conclusion independently." (ECF Doc. 13, p.6).  But, one need only read the cases Defendant cites to see that this broad characterization is inaccurate.  For instance, in *Worsham*, the court examined 47 C.F.R. § 64.1601(e) and found it was not clearly promulgated under either subsection (b) or (c) of the TCPA because the caller ID

3

function "does not fit neatly into the focus of either subsection, neither of which requires the use of such technology to accomplish their respective purposes." *Id*. at *11.

Moreover, *Selectquote* and *Newell* failed to independently analyze 47 C.F.R. § 64.1601(e) within the context of the plain language of § 227(c), as required under *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp*., 606 U.S. 146, 155 (2025) (holding that courts should not defer to the FCC's interpretation of the TCPA, "but instead must [independently] determine the meaning of the law under ordinary principles of statutory interpretation"). Had those courts engaged in statutory construction as required under *McLaughlin*, a different result would have followed as § 64.1601(e)'s text conflicts with the statutory text of subsection (c) of the TCPA.

## C. THE COMPLAINT CONTAINS NO SUPPORTING FACTS THAT WOULD ENABLE THE COURT TO PLAUSIBLY INFER THAT THE CALLS WERE PRE-RECORDED CALLS

In the Complaint, White (the only Plaintiff asserting a pre-recorded call or "robocall" violation claim) alleges in a conclusory manner that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) "and/or" (b)(1)(B) because the messages were pre-recorded. To wit, the Complaint alleges only that: a) "On October 11, 2025, Ms. Ribeiro White received an automated telemarketing call from caller ID (401) 325-5279, which she rejected;" and b) "On October 14, 2025, Ms. Ribeiro White received another automated telemarketing call from caller ID (401) 325-7149, during which an artificial intelligence robot asked her a series of questions regarding purchasing a medical alert device…Ms. Ribeiro White was eventually transferred to an individual, who was human, identifying himself as Alex Robinson who confirmed he was calling from the Defendant's company, and who attempted to sell her a medical alert device." ECF Doc. 1, paras. 24-27.

These allegations are insufficient to maintain a claim because there are no plausible facts whatsoever that would enable the Court to reasonably determine that the calls were pre-recorded.

4

In its moving papers, Defendant cites numerous cases (including within the 2nd Circuit) wherein complaints were dismissed when plaintiffs failed to allege plausible supporting facts about a purported pre-recorded or artificial call.  Here, Plaintiff fails to address, let alone distinguish these cases.  Instead, Plaintiff cites cases that serve to highlight the inadequacy of Plaintiff's allegations. By way of example, in *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014), where the court allowed the claims to go forward, plaintiff "describe[d] the generic content of the messages, *i.e.*, a prerecorded voice reminding plaintiff that his payment was due."  Further, in *Sojka v. DirectBuy, Inc*., 35 F. Supp. 3d 996 (N.D. Ill. 2014), which Plaintiff also cites, the court explained that Sojka had not merely recited the claim elements and could survive motion to dismiss scrutiny because:

> The complaint describes in detail five voicemails left for the Sojkas by DirectBuy from August 2012 to November 2012. Although each voicemail references "an entry form filled out to win a $50,000 home makeover" for DirectBuy's "National Direct Give-Away promotion," the Sojkas allege that they never filled out such an entry form.  Moreover, the voicemails contained generic statements that were repeated verbatim, including, "I have some very good news for you: your name was pulled last night." The October 4 and November 27 voicemails stated "Press 1 to speak to a live operator or press 2 to be placed on the [Do Not Call] list," a clear indication that a live caller did not leave the messages.
> Id. at 1003. (internal record citations omitted)

The specificity of the allegations in the *Sojka* and *Neptune* complaints starkly contrast with Plaintiff's Complaint here, which do not describe the content of the calls in anything but the most general terms and offer nothing more than naked conclusions regarding the purported "prerecorded" or "artificial" nature of the calls at issue. This falls far short of satisfying federal pleading standards and warrants dismissal under Rule 12(b)(6).

5

**D. PLAINTIFFS LACK ARTICLE III STANDING TO REQUEST INJUNCTIVE RELIEF**

Plaintiffs request injunctive relief requiring Defendant to cease calling activities. (ECF Doc. 1, Complaint p.13, ¶ G). Plaintiffs, however, lack Article III standing to pursue this injunctive relief, and so this prayer for relief should be dismissed under FRCP 12(b)(1). In its moving papers, Defendant cites cases in the Second Circuit and from the District of Connecticut. In opposition, Plaintiffs simply direct the Court to PACER and argue that because Defendant has apparently been sued under the TCPA by other litigants within the last two years, Plaintiffs are therefore entitled to injunctive relief. Of course, Plaintiffs have cited no case law standing for the proposition that the Court should go beyond the Complaint allegations -- wherein Plaintiffs collectively allege a total of four phone calls (two of which were not answered and are not tied to the Defendant through plausible allegations) in October 2025 -- take judicial notice of other TCPA complaints not referenced in the underlying Complaint, and then accept the allegations in the other TCPA complaints as true for purposes of determining Plaintiffs' standing here.

Given that Plaintiffs have not alleged any facts *in the Complaint* establishing a "real or immediate threat of injury," which is required under *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016), and given that the Complaint does not plead facts supporting the proposition that Plaintiffs will ever receive another allegedly violative call from Defendant, Plaintiffs have no standing to seek injunctive relief.

<u>CONCLUSION</u>

For the reasons stated herein and in the initial moving papers, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice under FRCP Rules 12(b)(1) and 12(b)(6).

Dated: May 21, 2026

6

BY: /s/ Keith R. Rudzik__
    Keith R. Rudzik, Esq.
    Fed. Bar. #: ct24007
    Howard, Kohn, Sprague &
    FitzGerald LLP
    Post Office Box 261798
    Hartford, Connecticut 06126-1798
    Phone: (860) 525-3101
    E-mail:krr@hksflaw.com

    _/s/ Joseph Lipari_____
    Joseph Lipari (pro hac vice)
    **SULTZER & LIPARI, PLLC**
    85 Civic Center Plaza, Suite 200
    Poughkeepsie, NY 12601
    Tel: (845) 483-7100
    liparij@thesultzerlawgroup.com

    *Attorneys for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on May 21, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the /court's CM/ECF System.

    __/s/ Keith R. Rudzik__
    Keith R. Rudzik, Esq.
    **Howard, Kohn, Sprague &
    FitzGerald, LLP**
    237 Buckingham Street
    Hartford, CT 06106
    Tel: 860-525-3101
    Fax: 860-247-4201
    Fed. Bar. ct24007